IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ZACHARY CHAMBERS,** | : | CIVIL ACTION NO. 1:21-CV-1654 |
| | : | |
| Petitioner | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **R. THOMPSON,** | : | |
| | : | |
| Respondent | : | |

**MEMORANDUM**

This is a habeas corpus case filed under 28 U.S.C. § 2241 in which petitioner Zachary Chambers challenges a sentencing enhancement imposed by the United States District Court for the Eastern District of Pennsylvania. We will dismiss the petition without prejudice for lack of jurisdiction.

**I.     Factual Background & Procedural History**

Following a jury trial in the Eastern District of Pennsylvania, Chambers was convicted of one count of conspiracy to distribute cocaine and one count of attempted possession with intent to distribute cocaine on August 12, 2013. United States v. Chambers, No. 2:10-CR-770 (E.D. Pa. Aug. 14, 2013). The district court subsequently concluded that Chambers was subject to a two-level sentencing enhancement under United States Sentencing Guideline § 2D1.1(b)(1) based on his possession of a firearm during the commission of the offenses. (See Doc. 1 at 7-8). Chambers appealed to the United States Court of Appeals for the Third Circuit, which affirmed the judgment of sentence on October 8, 2021. United States v. Chambers, 587 F. App'x 22, 26 (3d Cir. 2014).

Chambers brings the instant habeas corpus petition under 28 U.S.C. § 2241 to challenge the Eastern District's imposition of a sentencing enhancement under § 2D1.1(b)(1). He argues that the sentencing enhancement was rendered unlawful by the Supreme Court's decision in Rehaif v. United States, 588 U.S. __, 139 S. Ct. 2191 (2019).

## II. Legal Standard

Under Rule 4 of the rules governing habeas corpus petitions under 28 U.S.C. § 2254, a district court must promptly review a petition and dismiss it if it is plain from the face of the petition that the petitioner is not entitled to relief. 28 U.S.C. § 2254 Rule 4. District courts have the discretion to apply this rule in habeas corpus cases brought under 28 U.S.C. § 2241. 28 U.S.C. § 2254 Rule 1.

## III. Discussion

Dismissal of this case under Rule 4 is appropriate because the court does not have jurisdiction to consider Chambers's petition. Federal prisoners seeking post-conviction relief from their judgment of conviction or the sentence imposed are generally required to bring their collateral challenges pursuant to 28 U.S.C. § 2255. See 28 U.S.C. § 2255(e). The Third Circuit Court of Appeals has observed that "[m]otions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002) (citing Davis v. United States, 417 U.S. 333, 343 (1974)). Section 2255(e), often referred to as the savings clause, specifically prohibits federal courts from entertaining a federal prisoner's collateral challenge by an application for habeas

corpus unless the court finds that a § 2255 motion is "inadequate or ineffective." Id. at 120 (citing In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997)); 28 U.S.C. § 2255(e)).

To demonstrate that a § 2255 motion is "inadequate or ineffective," the petitioner must show "that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Cradle v. U.S. *ex rel.* Miner, 290 F.3d 536, 538 (3d Cir. 2002) (*per curiam*). Significantly, § 2255 "is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of . . . § 2255." Id. at 539. "It is the inefficacy of the [§ 2255] remedy, not the personal inability to utilize it, that is determinative." Id. at 538.

Chambers's claims, which challenge the imposition of a sentencing enhancement based on the Supreme Court's holding in Rehaif, do not satisfy the savings clause. Claims challenging only the duration of a sentence rather than the legality of the underlying conviction or sentence are not cognizable in § 2241 habeas corpus petitions and must be brought through § 2255 motions. See Okereke, 307 F.3d at 120-21; see also, e.g., Garcia v. Warden Ft. Dix FCI, 596 F. App'x 79, 82 (3d Cir. 2014); Adderly v. Zickefoose, 459 F. App'x 73, 74 (3d Cir. 2012). The court therefore does not have jurisdiction to consider Chambers's claims.

**IV.     Conclusion**

We will dismiss the petition (Doc. 1) for writ of habeas corpus without prejudice for lack of jurisdiction.  An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER<br>
Christopher C. Conner<br>
United States District Judge<br>
Middle District of Pennsylvania

Dated:     October 29, 2021